UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHARLES E. ALBERT, | ) | CASE NO. 4:08 CV 1813 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On July 28, 2008, petitioner pro se Charles E. Albert filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. Albert seeks to challenge his 2006 convictions in this court. For the reasons stated below, the petition is denied and this action is dismissed.

Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 address the execution of a sentence, while motions filed pursuant to 28 U.S.C. § 2255 test the validity of a judgment and sentence. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)). By enacting section 2255, Congress essentially superseded the traditional habeas corpus remedy for federal prisoners. Larry W. Yackle, Postconviction Remedies, § 31 (1981). Section 2255

1

provides in pertinent part:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief such as the Antiterrorism and Effective Death Penalty Act of 1996, Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997), or denial of a previously filed section 2255 motion. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). Rather, habeas corpus remains available when the failure to allow some form of collateral review would raise serious questions as to section 2255's constitutionality. Triestman, 124 F.3d at 377. The petitioner bears the burden of proving that the section 2255 remedy is inadequate or ineffective. James S. Liebman, Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2b at 1188 (2d ed. 1994) (citing Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983); McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)).

As petitioner challenges his criminal conviction, his only remedy is under section 2255. Accordingly, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies,

provides in pertinent part:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief such as the Antiterrorism and Effective Death Penalty Act of 1996, Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997), or denial of a previously filed section 2255 motion. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). Rather, habeas corpus remains available when the failure to allow some form of collateral review would raise serious questions as to section 2255's constitutionality. Triestman, 124 F.3d at 377. The petitioner bears the burden of proving that the section 2255 remedy is inadequate or ineffective. James S. Liebman, Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2b at 1188 (2d ed. 1994) (citing Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983); McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)).

As petitioner challenges his criminal conviction, his only remedy is under section 2255. Accordingly, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


                                            <u>S/Christopher A. Boyko</u>
                                            CHRISTOPHER A. BOYKO
                                            UNITED STATES DISTRICT JUDGE

September 11, 2008